RUCKER, J.,
dissenting.
In a compelling and persuasive opinion the Court of Appeals determined that evidence seized after a traffic stop should not have been admitted into evidence. The majority takes issue with this determination. But in my view the Court of Appeals got it exactly right.
The majority declares that the trial court “weighted] Deputy Claeys’s testimony [that Robinson drove off the roadway] more heavily than the video evidence.” Op. at 367. Indeed, it would have been entirely within the trial court’s province to do so; and had it done so that would be the end of the matter. But the record reflects that instead of choosing to credit the officer’s testimony, the trial court concluded that reasonable suspicion was present based solely on Robinson’s “act of weaving onto the fog line.” App. at 34.
The trial court summarized the evidence presented, observing that “the officer in this case has testified that defendant drove off the roadway on two occasions.” App. at 33. The court further acknowledged that “[i]t is quite possible that the officer’s actual visual observation of the defendant’s vehicle was superior to the video camera in his car.” App. at 33. But the court recognized that the video did not reflect that the vehicle “actually left the roadway” but only that it “veer[ed] on two occasions onto the white fog line.” App. at 33.
Based on the evidence the trial court then concluded:
[T]he act of swerving toward the white fog line rather than maintaining the vehicle in a steady course in the middle of the lane as [Robinson] was driving through the rest of the journey would appear to justify a brief investigatory stop to see if the driver was in an impaired condition. Such driving of course could have been innocent such as a driver who dropped an item in the car or who was adjusting a radio or talking on a cell phone, but the fact that she swerved to the right on two occasions appears to be enough under the standard of Terry to justify the stop. The court in McCaa, indicates that leaving the roadway on more than one occasion would justify a stop. Having weighed the evidence, the court finds that the act of weaving onto the fog line, while not itself an illegal act, did give a trained police officer justification to stop and inquire further as to the driver’s condition. The court therefore denies the Motion to Suppress the evidence of the traffic stop and the events flowing therefrom.
App. 33-34 (emphasis added).
The trial court’s order thus makes plain the basis on which it found reasonable suspicion, namely: Robinson’s acts of making contact with the fog line. I agree with the Court of Appeals that more is required. Sustaining the trial court’s finding of reasonable suspicion on the basis that the court could have credited the officer’s testimony that Robinson drove “[c]om-pletely off the roadway,” Tr. at 48, amounts to reweighing the evidence, which we are not permitted to do.[9]
*370 The Court of Appeals reviewed numerous cases from other jurisdictions as well as prior Indiana precedent, all of which support the proposition that mere “brief contact with the fog line or swerving within a lane” — without more — is ordinarily insufficient to establish reasonable suspicion of impaired driving. Robinson v. State, 985 N.E.2d 1141, 1146 (Ind.Ct.App.2013), vacated. I agree and would reiterate the observation that “if failure to follow a perfect vector down the highway or keeping one’s eyes on the road were sufficient reasons to suspect a person of driving while impaired, a substantial portion of the public would be subject each day to an invasion of their privacy.” Id. (quoting United States v. Lyons, 7 F.3d 973, 976 (10th Cir.1993), overruled on other grounds by United States v. Botero-Ospina, 71 F.3d 783, 786-87 (10th Cir.1995)). Therefore I respectfully dissent.

. The majority affirms the trial court relying in part on the longstanding rule that it may do so where evidence of record supports the judgment. See op. at 367 n. 8 (citing Benham *370 v. State, 637 N.E.2d 133, 138 (Ind.1994)). Although an appellate court has permission to affirm on any basis in the record, I would be particularly reluctant to do so here based on record evidence that the trial court itself did not appear to credit.